FILED
United States Court of Appeals
Tenth Circuit

September 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WALTER L. WAGNER,

      Plaintiff - Appellant,

v.

RAFAEL EDWARD CRUZ,

      Defendant - Appellee.

No. 16-4044
(D.C. No. 2:16-CV-00055-JNP)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court, therefore, honors the parties' requests and orders the case submitted without oral argument. *See* Fed. R. App. P. 34(f).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Walter Wagner filed a complaint in district court seeking a declaration that Senator "Rafael Edward (Ted) Cruz" is ineligible to run for President of the United States because he is not a "natural born citizen" within the meaning of Article II, Section 1 of the United States Constitution. The district court dismissed Wagner's complaint, concluding Wagner lacked standing to litigate the claim under the standard set out in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). In particular, the district court concluded Wagner had not, and could not, allege he was injured in "a personal and individual way" by Senator Cruz's candidacy. *See id.* at 561. Instead, Wagner's alleged injury was entirely indistinct from the alleged injury to the public at large. *See id.* at 573-74 ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court summarily affirms the district court's dismissal of Wagner's complaint. *See Schwartz v. Cruz*, No. 16-106, 2016 WL 1449251 (S.D. Tex. April 13, 2016) (concluding in an identical suit that the plaintiff lacked standing to seek a declaration as to whether Senator Cruz is a "natural born citizen" of the United States), *summarily aff'd*, No. 16-20231 (5th Cir. June 21, 2016). We see no valid reason to repeat

the district court's cogent, thoughtful analysis of the standing question. Having affirmed the district court's standing-based dismissal of Wagner's complaint, this court need not resolve Senator Cruz's motion to dismiss the appeal as moot. The Constitution "does not dictate a sequencing of jurisdictional issues." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Deciding one jurisdictional issue before another "makes no assumption of law-declaring power." *Id.* The result is that this court has discretion to address jurisdictional issues in any sequence we wish. *Id.* at 586.

For those reasons set out above, the order of the district court dismissing Wagner's complaint for lack of standing is **AFFIRMED**. Senator Cruz's motion to dismiss this appeal is **DENIED** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-